IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ISAIAH FOX,                        )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    1:16CV1196
                                   )
B.J. BARNES and                    )
OFFICER C. CARY,                   )
                                   )
            Defendants.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Isaiah Fox, a prisoner of the State of North Carolina, seeks monetary damages pursuant to 42 U.S.C. § 1983 for alleged federal constitutional violations related to an incident that occurred while in custody as a pre-trial detainee. (*See* Amended Compl., Docket Entry 21.) Defendants, Sheriff B.J. Barnes and Officer C. Cary (collectively, "GCSO Defendants"), have filed a Motion to Dismiss Plaintiff's Amended Complaint. (Docket Entry 22.) For the reasons stated herein, the Court recommends that this motion be converted to a motion for summary judgment, and be granted.

## I. BACKGROUND

In his Amended Complaint, Plaintiff alleges that on March 21, 2016, he was injured as a result of an incident at the Guilford County Jail ("Greensboro Jail"). (Am. Compl., Docket Entry 21.) Plaintiff states that Defendant Cary "came to let Plaintiff out of cell for and [sic] hour recreation [and] shower." (*Id.* at 1.) Before walking downstairs to the lower tier, Plaintiff

1

states that Defendant Cary "placed [P]laintiff in handcuffs, placed [a] chain around the waist of [P]laintiff [and] shackles on [P]laintiff['s] ankles." (*Id.* at 2.) Plaintiff alleges that he warned Defendant Cary that jail officers are required to provide adequate safety to pre-trial detainees in such situations and that Defendant Cary responded, "[d]on't tell me how to do my job." (*Id.*) Plaintiff states that Defendant Cary failed to assist Plaintiff and that Defendant Cary did not provide adequate safety to Plaintiff, resulting in a violation of his Due Process rights under the Fourteenth Amendment. (*Id.*)

Plaintiff also asserts that, as he was walking down the stairs, he stated that his restraints were "too tight," "unfit," and "uncomfortable" to which Defendant Cary replied that the restraints were not too tight. (*Id.* at 3.) As such, Defendant Cary was aware of the risk of harm and showed deliberate indifference to this harm. (*Id.* at 2-3.) As he was walking down the stairs, Plaintiff "loss [sic] balance, slipped [and] fell downstairs, as a result of defendant(s) not taking full responsibility in providing Plaintiff adequate safety." (*Id.* at 3.) He immediately "felt [a] sharp pain in [his] lower back," that he claims is now permanent, as well as pain and swelling of his left leg, ankle and arm that lasted for several days. (*Id.*)

Plaintiff alleges that the incident could have been prevented if Defendant Barnes "would have upheld [and] obeyed Policy, N.C. [General Statutes], [and the] 14th Amendment by enforcing policy," and "training staff adequately to be aware of the risk of harm [and] to keep inmates safe." (*Id.*) In his prayer for relief, Plaintiff asks for compensatory damages from GCSO Defendants in the amount of $350,000 "jointly and severally" or $175,000 against each Defendant. (*Id.* at 4.)

2

As to the alleged incident, Plaintiff states that he submitted grievances to jail officials on March 24, 2016 and April 18, 2016. (*Id.*) He also makes reference to a Guilford County Sheriff's Office Detention Bureau Inmate Request Form ("Inmate Request Form"), dated September 25, 2016, in which Plaintiff describes the alleged events of March 21, 2016 and which Plaintiff captions "Grievance About a Complaint." (*Id.*; *see also* Docket Entry 2 at 8.) Plaintiff states that he never received a response to the Inmate Request Form. (Am. Compl. at 4.)

GCSO Defendants filed their Motion to Dismiss the Amended Complaint on October 11, 2017. (Docket Entry 23.) Defendants included affidavits and other attachments in support of their filings. (Docket Entries 23-1, 23-2, 23-3, 23-4.) On October 30, 2017, Plaintiff filed a document, with an attached affidavit from another inmate, which the Court construes as an opposition brief in response to Defendants' Motion to Dismiss.[1] (Docket Entry 26.) Defendants thereafter filed a reply. (Docket Entry 27.) On June 5, 2018, this Court issued an order giving all parties notice of the Court's intention to consider construing Defendants' Motion to Dismiss as a motion for summary judgment solely on the issue of whether Plaintiff exhausted administrative remedies. (Docket Entry 29.) After receiving additional time to submit any other material on this issue (*id.*), Plaintiff filed a supplemental response on June 27, 2018. (Docket Entry 30.) Defendants filed an objection and reply to Plaintiff's response on July 5, 2018. (Docket Entry 32.)

---

[1] Plaintiff entitled this document, "Motion of Isaiah Fox Plaintiff, To Deny GCSO Defendants Motion to Dismiss." (Docket Entry 26.)

## II. DISCUSSION

### A. Defendants' Motion to Dismiss Should be Converted to a Motion for Summary Judgment.

Pursuant to Rule 12(d), when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim upon which relief can be granted, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (2017); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Furthermore, "[a]ll parties must be given reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When determining the requirements for the term "reasonable opportunity", the Fourth Circuit has held that all parties be given "'some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment,' with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4th Cir. 1974) (quoting *Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir. 1971)). "Once notified, a party must be afforded a 'reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted." *Gay*, 761 F.2d at 177; *see also Johnson*, 491 F.2d at 515. "Converting a motion to dismiss into a motion for summary judgment . . . applies only to a motion made pursuant to Rule 12(b)(6)." *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991).

Here, both parties submitted affidavits for the Court's consideration regarding GCSO Defendants' motion to dismiss. After the Court placed the parties on notice of its intent to construe GCSO Defendants' motion to dismiss as a motion for summary judgment solely on the issue of exhaustion of administrative remedies, Plaintiff filed a supplemental response brief asserting that he recently submitted several requests for grievance forms and was denied.

(Docket Entry 30.) Plaintiff attached several Inmate Request Forms to support this assertion. (*Id.* at 2-7.) Considering that both parties have submitted documents outside the Complaint and Plaintiff has been given a reasonable opportunity to present material relevant to the issue of exhaustion of his administrative remedies, the undersigned finds that GCSO Defendants' motion to dismiss should be converted to a motion for summary judgment, and be granted.

### B. Plaintiff Did Not Exhaust His Administrative Remedies.

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting).

When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the

non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Anderson*, 477 U.S. at 248-49; *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (a), requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The exhaustion requirement applies to "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled that Section 1997e's exhaustion requirement is mandatory. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson*, 407 F.3d at 676-77 (citing *Porter*, 534 U.S. at 524).

As a threshold matter, GCSO Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing his original and Amended Complaint. (Docket Entry 23 at 6.) In support of this argument, they have submitted the affidavits of Captain D. Best and Sergeant D. Lanier. (Docket Entries 23-1, 23-3.) Captain Best maintains the Inmate Handbook for the Greensboro Jail. (Best Aff. ¶ 1, Docket Entry 23-1.) He states that inmates are informed of the grievance policy upon arrival to the jail and given a copy of the Inmate Handbook. (*Id.* ¶ 2.) The Inmate Handbook states that an inmate must seek to resolve any

grievance they have in an informal manner. (Docket Entry 23-2 at 1.) If the inmate is not satisfied with the resolution, the inmate can submit an Inmate Request Form requesting a Grievance Form. (*Id.*) If proper, the inmate will then be issued a Grievance Form and must fully complete the form and submit it "within three (3) days from the date of the incident, the discovery of the incident . . . or within three (3) days of receipt of a response to an inmate request form." (*Id.*) The Grievance/Classification Officer will issue the inmate a receipt/acknowledgement. (*Id.*) The grievance is then forwarded to the Division Commander who has twenty-one days to respond. (*Id.*) The inmate may appeal to the Bureau Commander if unsatisfied with the decision within three days of receipt of the response. (*Id.* at 2.) The response from the Bureau Commander is the final step in the appeal process. (*Id.*)

Sergeant Lanier, who maintains booking records at the Greensboro Jail, states that he reviewed the Greensboro Jail's archive of Inmate Request Forms and Inmate Grievance Forms. (Lanier Aff. ¶¶ 1, 3, Docket Entry 23-3.) The record reflects that Plaintiff filed a total of 23 Inmate Request Forms at the Greensboro Jail between October 2015 and September 2016. (*Id.* ¶ 4; *see also* Inmate Request Forms, Docket Entry 23-4.) Sergeant Lanier further stated that Plaintiff was not issued, and did not file, any Inmate Grievance Forms between October 2015 and September 2016. (Lanier Aff. ¶ 5.)

A review of the evidence demonstrates that Plaintiff has failed to refute GCSO Defendants' evidence that Plaintiff did not exhaust his administrative remedies with regards to the incident alleged in his Amended Complaint. The grievance procedure at the Greensboro Jail is comprised of several steps. Plaintiff has provided no substantial proof that he has even engaged in step one (informal resolution), nor any further steps (submitting an

7

appropriate Inmate Request Form and Grievance Form). Plaintiff's Amended Complaint states that he filed a grievance regarding the incident in question on March 24, 2016, and another on April 18, 2016. (Am. Compl. at 4.) Plaintiff further states that he received no response to these grievances. (*Id.*) As explained above, the affidavits provided by GCSO Defendants demonstrate that there is no record of any such grievances submitted by Plaintiff. In fact, Defendants provided documentation of Plaintiff's extensive, and often repetitive, history of request forms. (Docket Entry 23-4.) In his opposition brief, Plaintiff continues to state, in light of these affidavits, that he did submit the grievances. (Docket Entry 26 at 3.) However, Plaintiff does not provide any documentation of such submissions. The only documentation of any such Grievance Form provided by Plaintiff was an Inmate Request Form labeled "Grievance About a Complaint" dated September 25, 2016 (Docket Entry 2 at 8), well outside of the three day filing requirement in the Inmate Handbook. (*See* Docket Entry 23-2 at 1.) According to the Inmate Handbook, inmates may not file a grievance on an Inmate Request Form; they must request a Grievance Form via an Inmate Request Form. (*Id.*) Here, Plaintiff has failed to do so.

In his supplemental response, Plaintiff asserted that he requested Grievance Forms through Inmate Request Forms on three separate occasions in June 2018. (Docket Entry 30.) He also attached copies of his requests. (*Id.* at 2-7.) Plaintiff's recent attempts to remedy the issue of exhaustion does not satisfy the PLRA. As stated above, grievances must be filed within 3 days of the incident. Plaintiff has asserted but provided no proof that he in fact filed a grievance in compliance with this standard. Filing grievances months, and now years later, does not adhere to the prescribed administrative process. *See Seamons v. Guise*, No. 3:16-CV-

649-FDW, 2017 WL 190101, at *2 (W.D.N.C. Jan. 17, 2017) (unpublished) (citation omitted) ("The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action."). Thus, Plaintiff's response is akin to self-serving affidavits that are not sufficient to create a genuine issue of material fact. *Evans*, 80 F.3d at 962; *Bynum v. Poole*, No. 1:15CV960, 2017 WL 5466702, at *3 (M.D.N.C. Nov. 13, 2017) (unpublished) (Plaintiff's "self-serving affidavit is not sufficient to create a genuine issue of material fact."); *Jones v. Metts*, No. 5:11-CV-00122-RBH, 2012 WL 630180, at *3 (D.S.C. Feb. 27, 2012) (unpublished) ("[U]nsubstantiated allegation[s], wholly lacking in evidentiary support, [are] insufficient to create a genuine issue of material fact as to whether [prisoner] did, in fact, exhaust his administrative remedies."). Since there exists no genuine issue of material fact as to whether Plaintiff exhausted his administrative remedies prior to filing his original Complaint in this action, Defendants' motion should be granted. *See Lockett v. Johnson*, No. 7-11-CV-00125, 2011 WL 3794008, at *5 (W.D. Va. Aug. 25, 2011) (unpublished) (finding that Plaintiff's "mere rote assertions" regarding exhaustion of his administrative remedies "remain unaccompanied by supporting facts. Plaintiff misunderstands § 1997e(a)'s exhaustion requirement, supposing that proffering naked assertions of exhaustion satisfies the requirement . . . . Second, vague assertions of the Jail's unresponsiveness to his alleged grievances . . . likewise fail to satisfy the administrative exhaustion requirement.").

### C. The Court Should Decline to Exercise Jurisdiction Over Plaintiff's State Law Claims.

GCSO Defendants also assert that Plaintiff's state law claims, if any, should be dismissed because Defendants are entitled to governmental immunity and public official's

immunity. (Docket Entry 23 at 15-18.) To the extent Plaintiff's Amended Complaint alleges state law claims, if any, continued jurisdiction over such claims is premised on supplemental jurisdiction. As the undersigned has recommended dismissal of Plaintiff's §1983 claim, "the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the [Amended] Complaint." *Goodwin v. Neville*, No. CA 0:13-3468-JFA-PJG, 2014 WL 1330094, at *4 n.2 (D.S.C. Apr. 1, 2014) (unpublished) (citing 28 U.S.C. § 1367(c)(3)). *See also Creamer v. West*, No. CIV.A. 6:13-2388-MGL, 2015 WL 5008777, at *9 (D.S.C. Aug. 19, 2015) (unpublished) ("Having found that the defendants are entitled to summary judgment regarding the plaintiff's Section 1983 claims based upon his failure to exhaust administrative remedies, it is recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims."); *Hill v. Johnson*, No. CIV.A. 7:08-CV-00065, 2008 WL 467372, at *2 (W.D. Va. Feb. 19, 2008) (unpublished) ("Because the court herein finds that [Plaintiff] fails to state any constitutional claim, the court declines to exercise supplemental jurisdiction over any possible state law claims.").

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 22) be converted to a Motion for Summary Judgment solely as to the issue of whether Plaintiff exhausted his administrative remedies, that this motion be **GRANTED**, and that this action be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any possible state law claims.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

July 12, 2018
Durham, North Carolina